[No. 14842.   Department One.   December 9, 1918.]

ANNA PATON *et al., Respondents,* v. CASHMERE
WAREHOUSE & STORAGE COMPANY
*et al., Appellants.*[1]

HIGHWAYS (53, 57)—USE FOR TRAVEL—NEGLIGENCE—MEETINGS—
TURNING TO LEFT.   Under Rem. Code, § 5562-26, requiring persons on
meeting, to seasonably turn to the right of the center of the high-
way, it is negligence, which was the proximate cause of the acci-
dent, for the driver of a truck, already to the left of the center,
to suddenly swerve to the left and strike the rear of an approaching
auto that was at the extreme right of a level road fifty feet wide.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered January 3, 1918,
upon findings in favor of the plaintiffs, in an action for
damages to an automobile sustained in a collision,
tried to the court.   Affirmed.

*Sam R. Sumner,* for appellants.
*Charles F. Wallace,* for respondents.

MITCHELL, J.—This is an action to recover damages
to an automobile by reason of a collision with a motor
truck owned by appellant Cashmere Warehouse &
Storage Company, a corporation, which was driven at
the time by appellant J. H. Sprague in the delivery of
ice for the corporation in the town of Cashmere and
vicinity.   The collision occurred about 1:30 o'clock in
the afternoon, at a point on a public highway run-
ning east and west along the south boundary of the
town.   The automobile was running towards the west,
the truck towards the east.   At the place of the col-
lision, and for some distance east and west, the high-
way is open and smooth, and the traveled portion of
it is about fifty feet wide.   On the south side and ad-

[1]Reported in 176 Pac. 544.

joining the road at the place of the accident, in front
of the residence of one F. W. Stein, the ground is level
with the road. Going westward in the town, this high-
way runs southwesterly at an acute angle to, and
rounds an easy curve into, this east-and-west stretch
of the road at a point about 100 feet east of the place
at which the collision occurred. Sprague, engaged in
the delivery of ice, was returning from west of the
Stein home, and some distance before reaching it blew
a signal understood by, and intended to attract the at-
tention of, the Steins, who were customers, and there-
after proceeded in the center of the road at a speed
of about six miles an hour, steadily looking south-
ward towards the Stein house to ascertain if ice was
wanted, until just about opposite the Stein home, when
he was advised, by signal, ice was not wanted. In the
meantime, and for some little distance, the course of
the truck had veered, and continued to veer, slightly
to the left, so that it was already north of the center
of the road when Sprague, upon changing his view
from the Stein house, first saw the approaching auto-
mobile, within fifteen or twenty feet, traveling in such
direction as to be entirely safe but for the fact that
instantly Sprague caused his truck to turn abruptly
to his left, smashing into the rear end of, and upsetting,
the automobile and causing the damage complained
of. From the other way, the automobile was driven
about fifteen miles an hour by one Eliot, who, with a
companion, in rounding the curve in the road, and
while at a distance of about one hundred and sixty
feet from the approaching truck, observed that
Sprague was looking in another direction than straight
ahead, and also noticed the situation and direction of
the truck. Eliot, who was already on the north or
right-hand side of the road, promptly put his auto-
mobile to the extreme north side of the road, running

for some distance within six to twelve inches of a ditch or gully of consequence without apparent danger from the approaching truck but for the sudden turn or swerve of the truck when so close by that the accident could not be avoided by Eliot. Neither driver gave any signal or warning. There was a trial to the court without a jury, and findings and judgment for plaintiffs.

The law of the road in this state is as stated in § 26, ch. 142, Laws of 1915, p. 394 (Rem. Code, § 5562-26), as follows:

"It shall be the rule of the road that every person driving a motor or other vehicle or riding or driving any animal or animals upon the public highway or in any other similar use of such highway shall, upon meeting any other person so using such highway, seasonably turn to the right of the center of the highway so as to pass without interference. . . ."

Obeying this rule, respondent's automobile was being driven on the right-hand or north side of the road, and on observing the approaching motor truck, somewhat over the center and on the same side of the road, the driver of the automobile seasonably took to the north limit of the highway, pursuing a course which was perfectly safe, until the driver of the motor truck suddenly and violently further deflected its course to the left, leaving no chance or opportunity for the driver of the automobile to escape collision.

On the other hand, the truck driver, while, of course, having the right to attempt to get the attention of, and to glance away from the road to get a signal from, a prospective ice customer, steadily gazed in that direction for a considerable time as his truck, already in the middle of the road, commenced to swerve to the wrong side, when there was approaching, as he could and should have seen, one driving an automo-

bile; and yet he negligently refused or failed to see it until so near by that, by his negligent and sudden turn still more directly to his left, he collided with the auto, which he could and would have entirely escaped but for his last negligent act. Thus it is seen that the truck driver's negligence was progressive and continued up to the very time of collision, the last act of which was the immediate cause of the accident. While some other questions are discussed by counsel, we are of the opinion that the controlling one in this case is simply one of negligence and the ascertainment of whose negligence was the cause of the injury. This, of course, is a question of fact, which the trial court found against appellants. The evidence, which has been examined, satisfied us that the trial court was right, and that the negligence of the motor truck driver was the proximate and efficient cause of the collision.

There exists between the parties some question of practice, still unsettled, involving the condition of the record here, which we ignore after hearing the case argued on the merits; a course on our part harmless to the parties, because that one contesting the record gets a favorable decision at our hands, while the other has received the consideration of the whole record, which is short, as if it had not been questioned. Judgment affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.